IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>    FELTON HOLMES,<br>    DEZRIA HOLMES<br><br><br>                                   Debtors | ) Chapter 13<br>) Case No 11 B 04546<br>)<br>)<br>) Judge      Schmetterer<br>) Trustee    Vaughn |
| FELTON & DEZRIA HOLMES<br><br>                Plaintiff,<br><br>-vs-<br><br>BENEFICIAL ILLINOIS, INC.<br>d/b/a BENEFICIAL MORTGAGE COMPANY<br>OF ILLINOIS<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 11 A 00781<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Following entry of default and taking all allegations of the Complaint as confessed against Defendant Beneficial Illinois, Inc. d/b/a Beneficial Mortgage Company of Illinois ("Defendant"), the following Findings of Fact and Conclusions of Law are made and will be entered.

### FINDINGS OF FACT

1. The Plaintiffs, Felton & Dezria Holmes ("Plaintiffs"), are individuals residing at 7021 S. Union, Chicago, Illinois 60621.

2. Defendant is a mortgage lender.

3. On February 7, 2011, Plaintiffs filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois as Case Number 11 B 04546.,

4. Plaintiffs are the owners of real estate (hereinafter called "the real estate") for the real estate commonly known as 7021 S. Union, Chicago, Illinois 60621 and legally described as follows:

Lot 38 in block 7 in L.W. Becks subdivision of the southwest ¼ of the southwest ¼ of section 31, Township 38 north, Range 14, east of the third principal meridian, in Cook County, Illinois, Tax map or parcel ID No.: 20-21-323-007 (the "Debtors' residence)

5. The fair market value at the time of filing of Bankruptcy No. 11 B 04546 of the said real estate was $153,000.00.

6. A First Mortgage lien is currently held by BAC Home Loans as of the date of filing of this case on February 7, 2011, in the amount of $195,906.00.

7. The Defendant Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, holds a junior mortgage in the amount of $18,406.80 as of February 7, 2011.

8. Plaintiffs seek through their Chapter 13 Plan to determine the nature and extent of the Junior Mortgage of Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, and void its junior mortgage lien.

9. The amount of the first mortgage of at least $195,906.00 exceeds the value of the underlying property, which is $153,000.00.

## **CONCLUSIONS OF LAW**

10. This adversary proceeding arises under §§ 502 and 506 of the United States Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2)(k).

11. Jurisdiction over this Adversary proceeding lies under 28 U.S.C. §151, 157 and 1334 and Local Rule 2.33 of the United States District Court for the Northern District of Illinois, in that this action relates to the Bankruptcy case 11 B 04546, <u>In re Felton & Dezria Holmes</u> which is presently pending.

12. Under §596(a) and 506(d), the junior mortgage of Beneficial Illinois, Inc. d/b/a Beneficial Mortgage Company of Illinois would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, but it is void to the extent it is not a secured claim.

13. Because the Junior Mortgage lien held by Beneficial Illinois, Inc. d/b/a Beneficial Mortgage Company of Illinois is wholly unsecured, it should not be allowed as a secured claim and it may be stripped off <u>In re Mann</u>, 249 B.R. 831, 840(1st Cir BAP 2000); <u>In re Pond</u>, 2001 U.S. App. Lexis 11287(2nd Cir. 2001); <u>In re McDonald</u>, 205 F.2d 606(3rd Cir. 2000); <u>Bartee v. Tara Colony Homeowners Assoc.</u>, 212 F.3d 277(5th Cir. 2000); <u>In re Lam</u>, 211 B.R. 36(9th Cir. BAP 1357); <u>In re Tanner</u>, 217 F.3d 1357(11th Cir.).

14. Conditional on Debtors' Chapter 13 Plan being confirmed and completed, and Debtors being discharged, the junior mortgage lien held by Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, will by this judgment be a nullity as being wholly unsecured. Said Defendant will file a release of the said lien within 28 days after Debtors receive their discharge. Jurisdiction is reserved to enter supplemental orders quieting title to the real estate as to the Junior Lien.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

JUN 09 2011

Entered this 9th day of June, 2011